UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

James O. Murray, III,

                              Plaintiff,                    **Hon. Hugh B. Scott**


                                                            06CV793S

                              v.                            ORDER



James O'Herron, et al.,

                              Defendants.

_____


        Before the Court is the plaintiff's motion for an extension of time to amend the complaint

and for the assignment of counsel. (Docket No. 20).

        The motion to amend the complaint is denied. The plaintiff commenced this action on

December 5, 2006.  Upon initial review, the District Court allowed that two of the nine claims

proceed, dismissed four claims, and provided the plaintiff with an opportunity to amend his

complaint as to three additional claims by July 13, 2007.  (Docket No. 4).  On July 18, 2007, he

requested a further extension of time to amend the complaint. (Docket No. 5).   This motion was

granted and the plaintiff was directed to file an amended complaint by July 1, 2008. (Docket No.

10).  The plaintiff did not file an amended complaint, but instead, on May 6, 2009, the plaintiff

filed another motion for an extension of time to amend the complaint. (Docket No. 11).  District

Judge William M. Skretny denied this motion on May 15, 2009. (Docket No. 12). After

recounting the various extensions previously granted to the plaintiff to amend the complaint in

this case, Judge Skretny held that the "plaintiff will be granted no further extensions of time to file an amended complaint." (Docket No. 12 at page 2). In the instant motion, the plaintiff states that "he has not been able to get discovery names and such ..." (Docket No.20), however, the record reflects no attempt by the plaintiff to obtain this information. Further, the plaintiff does not state the nature of the proposed amendments. In any event, Judge Skretny has ruled that, in light of the procedural history in this matter, the plaintiff shall not be granted further extensions of time to amend the complaint in this case. This Court does not have authority to grant relief contrary to such a ruling.

The plaintiff has also applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons*,* 243

F.3d 629, 632 (2d Cir.2001); <u>Abdur-Raqiyb v. Erie County Medical Center,</u> 2006 WL 1800710, at *1 (W.D.N.Y.,2006).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. The record reflects that the legal issues presented are not unduly complex and that the plaintiff can adequately prosecute his claim *pro se*. Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

So Ordered.

                                                             */s/ Hugh B. Scott*

                                                           United States Magistrate Judge
                                                           Western District of New York

Buffalo, New York
November 6, 2009