UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES O. MURRAY, III (95-A-4417),

                Plaintiff,
v.                                      **DECISION AND ORDER**
                                                      06-CV-793

JAMES O'HERRON, et al.,

                Defendants.

1. Pro se[1] Plaintiff James O. Murray, III filed his Complaint in this action on December 5, 2006, alleging that Defendants violated his constitutional rights during his incarceration in the New York State Department of Correctional Services system. (Docket No. 1.) The parties participated in a mediation session on December 29, 2009, and agreed on a settlement. (Docket No. 28.)

2. On April 26, 2010, Defendants filed the parties' Stipulation of Settlement, which was executed by both Plaintiff and counsel for all defendants, indicating that Plaintiff and Defendants reached a settlement of the matter between them. (Docket No. 31.) Therein, Plaintiff agreed to the dismissal of this action against all defendants under Rule 41(a) of the Federal Rules of Civil Procedure. On April 30, 2010, this Court so-ordered the parties' Stipulation of Settlement. (Docket No. 32.)

---

[1] Plaintiff's pro se status entitles his submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Plaintiff's submissions accordingly.

3. Presently before this Court is Plaintiff's request to set aside the Stipulation of Settlement,[2] filed on November 8, 2010. (Docket Nos. 33 and 34.) For the following reasons, Plaintiff's motion is denied.

4. Stipulations of settlement are highly favored by the courts and are not lightly cast aside. See Interspace Inc. v. Morris, 650 F. Supp. 107, 110 (S.D.N.Y. 1986); see also Hallock v. State of New York, 64 N.Y.2d 224, 230 (1984). Settlement agreements resolving litigation are contracts, and are therefore governed by "general principles of contract law." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999); see also Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989) ("A settlement is a contract, and once entered into is binding and conclusive."). Under these principles, courts will vacate a settlement agreement only "upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement." Rispler v. Spitz, 377 F. App'x 111, 112, 2010 WL 1976734, at *1 (2d Cir. 2010).

The party seeking to void the stipulation of settlement bears the burden of proving that the stipulation is invalid. See Int'l Halliwell Mines, Ltd. v. Cont'l Copper & Steel Indus., 544 F.2d 105, 108 (2d Cir. 1976); see also Sweeney v. Sweeney, 898 N.Y.S.2d 560, 563 (N.Y. App. Div. 2d Dep't 2010).

---

[2] In support of his motion, Plaintiff filed a Notice of Motion, the Affirmation of James O. Murray, III, and the Reply Declaration of James O. Murray, III. (Docket Nos. 33, 34, 37.) In opposition, Defendants filed the Declaration of Michael A. Siragusa, Esq. (Docket No. 36.)

      5.      Plaintiff alleges that he was "defrauded" by Defendants into believing that a "$9,999.99" settlement that he had previously reached in another action, <u>Murray v. Fischer, et al.</u>, 07-CV-00306-WMS (W.D.N.Y. May 13, 2010), would not be jeopardized by the instant settlement by virtue of "Son of Sam" law[3] implications. (Docket No. 34, ¶ 3.) Plaintiff worries that his settlement proceeds from the two actions, along with his proceeds from other previously settled actions, in the aggregate, will be subject to garnishment by the New York State Office of Victim Services before being disbursed to him. (<u>Id.</u> at ¶¶ 4, 11.) Asserting that Defendants assured him that this would not occur, Plaintiff alleges that Defendants "deceived" him by failing to notify the Office of Victim Services—ostensibly to warn the office of the parties' alleged agreement that the instant settlement funds were not subject to its garnishment—before issuing the settlement check in the instant action. (<u>Id.</u> at ¶ 6.) Further, it appears that Plaintiff objects to pending encumbrances on his inmate account being honored before he is able to access his settlement proceeds. (<u>Id.</u> at ¶¶ 7, 8.)

      6.      With these claims, Plaintiff fails to meet his burden of proving that the Stipulation of Settlement in this case is invalid and this Court finds no cause to vacate the parties' Stipulation of Settlement. Defendants maintain that no representation was made to Plaintiff that his settlement proceeds from both this action and the previous action, <u>Murray v. Fischer, et al.</u>, would be protected from "Son of Sam" laws. (Docket No. 36, ¶ 11.) Further, the Stipulation of Settlement itself contains no statements regarding "Son of Sam" law implications, neither with respect to any impact the present settlement would

---

[3] N. Y. Executive Law § 632-a (McKinney 2010).

have on other settlements reached by Plaintiff, nor regarding Defendants notifying the New York State Office of Victim Services prior to issuing Plaintiff's settlement check.

In any event, counsel for Defendants inquired and subsequently confirmed that, on December 3, 2010, *both* the $5,003.64 settlement at issue in the present case—constituting the $5,000.00 settlement amount, plus interest—and the $9,999.00 settlement proceeds from Plaintiff's previous lawsuit, Murray v. Fischer, et al., were deposited in full into his inmate account, subject only to any unrelated encumbrances pending on his account. (Docket No. 36, ¶¶ 12–14). Counsel for Defendants further confirms that the Office of Victim Services made no request to freeze Plaintiff's settlement proceeds pursuant to "Son of Sam" laws, and therefore, the instant settlement funds were released to Plaintiff's inmate account in accordance with the parties' Stipulation of Settlement. (Id. at ¶ 15.)

Plaintiff thus fails to demonstrate any evidence of fraud or collusion that induced him to sign the settlement agreement. See, e.g., Wilutis v. Wilutis, 587 N.Y.S.2d 171 (N.Y. App. Div. 2d Dep't 1992) ("[D]efendant's unsupported allegations of fraud and duress did not constitute a basis for vacating an agreement that was not manifestly unfair.").

7.     Plaintiff is upset that his settlement proceeds are first subject to garnishment to pay off debts that have accrued against his inmate account because he wants to use the settlement funds to repay his family members, as well as to finance future lawsuits. (Docket No. 34, ¶¶ 5, 7–9; Docket No. 37, ¶ 12.) Review of the Stipulation of Settlement, however, reveals no proviso that the settlement funds in this case would not be subject to any liens placed on Plaintiff's inmate account. (Docket No. 31.) Thus, Plaintiff's

complaints do not amount to a basis for voiding the parties' Stipulation of Settlement.

8. Accordingly, in light of the strong preference for upholding stipulations of settlement, and given this Court's findings that Plaintiff did not meet his burden in proving elements of fraud sufficient to invalidate the settlement contract, this Court denies Plaintiff's Request to Set Aside the Settlement. Plaintiff's motion is therefore denied, good cause having not been shown.

IT HEREBY IS ORDERED, that Plaintiff's motion to set aside settlement (Docket No. 33) is DENIED.

SO ORDERED.

Dated: August 10, 2011
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court